**IN THE UNITED STATES BANKRUPTCY COURT FOR**

**THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br><br>ISRAEL SANTIAGO LOPEZ<br><br>Debtor.<br><br>NOREEN WISCOVITCH RENTAS<br><br>Plaintiff,<br><br>COOPERATIVA DE AHORRO Y CREDITO DE MANATI, INC.<br><br>Defendant. | CASE NO. 23-03641 EAG7<br><br>Chapter 7<br><br><br>ADVERSARY NUMBER: 24-00078 EAG |

<u>OPINION AND ORDER</u>

Pending before the court is a motion for summary judgment filed by the chapter 7 trustee, Ms. Noreen Wiscovitch Rentas, (Dkt. No. 16) and the opposition to summary judgment filed by Cooperativa de Ahorro y Credito de Manati, Inc. (Dkt. No. 26). For the reasons stated below, the court grants summary judgment in favor of the trustee.

**I. Jurisdiction**

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a), Local Civil Rule 83K(a), and the General Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.).[1] This is a core proceeding in accordance with 28 U.S.C. § 157(b).

---

[1] Unless otherwise indicated, all references to "Bankruptcy Code" or to specific statutory sections are to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. §§ 101-1532.  All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure.  All references to "Local Bankruptcy Rule" are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico.  And all references to "Local Civil Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

## II. **Uncontested Facts**

The following facts are uncontested pursuant to Rule 56 and Local Civil Rule 56, made applicable to these proceedings by Bankruptcy Rules 9014(c) and 7056 and Local Bankruptcy Rules 1001-1(b) and (d):

1. On February 10, 2015, Mr. Israel Santiago Lopez acquired a property in Vega Baja, P.R., and on the same date he executed a mortgage deed in favor of Cooperativa, for a mortgage loan in the amount of $68,000.00. (Admitted fact, P. 2 ¶ 5, Dkt. No. 26.)

2. The mortgage deed in favor of Cooperativa was presented in the Property Registry on October 27, 2023, that is, eight years after it was executed. (Admitted fact, P. 2 ¶ 5, Dkt. No. 26.)

3. On November 4, 2023, Mr. Israel Santiago Lopez filed a chapter 7 bankruptcy petition. (Bankr. Dkt. No. 1.)

4. Ms. Noreen Wiscovitch Rentas was appointed trustee. (Bankr. Dkt. No. 3.)

5. Mr. Santiago Lopez listed in Schedule A/B a property located in Ave. Sandin #9, Parcelas Amadeo, Vega Baja, P.R. 00693 with a value of $86,000.00. (Admitted fact, P. 2 ¶ 5, Dkt. No. 26.)

6. The property is registered in the Property Registry, Section IV of Bayamón, Lot no. 4938. (Admitted fact, P. 2 ¶ 5, Dkt. No. 26.)

7. Cooperativa was listed in Schedule D as a secured creditor in the amount of $59,558.84 over the Vega Baja property. (Admitted fact, P. 2 ¶ 5, Dkt. No. 26.)

## III. **Trustee's Position**

The trustee alleges that the mortgage lien established over the Vega Baja property constitutes a preferential transfer pursuant to § 547(b) and may be avoided by the trustee. She states that the transfer was for the benefit of Cooperativa, for an account of an antecedent debt owed by Mr. Santiago Lopez, made while he was insolvent and within 90 days before the date of the filing of the chapter 7 petition. The transfer also enabled Cooperativa to receive more than it would receive if the transfer had not been made.

**IV. Cooperativa' Opposition to Avoidance Action**

Cooperativa alleges that there are genuine issues of material fact, such as Mr. Santiago Lopez's solvency at the time of the filing. However, Cooperativa did not present any evidence of solvency. Cooperativa also alleges that the notary public is an indispensable party as he is the "officer of the state" that executed the mortgage. Cooperativa states that the notary had been physically impaired and undergoing medical treatment and that those facts constitute just cause for the delay to record the mortgage deed in the Property Registry. Finally, Cooperativa also states that the court must conclude that the transfer of the interest in Mr. Santiago Lopez' property took place when the mortgager deed was executed and not the 90-day period before the date of the petition.

**V. Legal Analysis and Discussion**

   **a. Summary Judgment Standard**

The standard for summary judgment is well-known. Pursuant to Rule 56 made applicable to these proceedings by Bankruptcy Rules 7056 and 9014(c), summary judgment is available "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010). The moving party bears the burden of showing that "no genuine issue exists as to any material fact" and that he is "entitled to judgment as a matter of law." Vega-Rodríguez v. P.R. Tel. Co., 110 F.3d 174, 178 (1st Cir. 1997).

Once a properly supported motion has been presented before the court, the opposing party "can shut down the machinery only by showing that a trial-worthy issue exists" that would warrant the court's denial of the motion for summary judgment. McCarthy v. Northwest Airlines, 56 F.3d 313, 315 (1st Cir. 1995). For issues where the opposing party bears the ultimate burden of proof, that party cannot merely "rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute." Id. However, not every factual dispute is sufficient to frustrate summary judgment; the contested fact must be material and the dispute over it must be genuine. Id. An issue is "genuine" if it could be resolved in favor of

3

either party. A fact is "material" if it is potentially outcome-determinative. <u>See</u> <u>Calero-Cerezo v. United States DOJ,</u> 355 F.3d 6, 19 (1st Cir. 2004).

In assessing a motion for summary judgment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor." <u>Griggs-Ryan v. Smith</u>, 904 F.2d 112, 115 (1st Cir. 1990) (citations omitted). The court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." <u>Medina-Munoz v. R.J. Reynolds Tobacco Co.</u>, 896 F.2d 5, 8 (1st Cir. 1990) (citations omitted). However, there is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood (no matter how reasonable those ideas may be) . . . ." <u>Greenburg v. P.R. Mar. Shipping Auth.</u>, 835 F.2d 932, 936 (1st Cir. 1987); <u>see also</u> <u>Mulero-Rodriguez v. Ponte, Inc.</u>, 98 F.3d 670, 677 (1st Cir. 1996) (reversing summary judgment and emphasizing that "determinations of motive and intent . . . are questions better suited for the jury.") (Quoting <u>Petitti v. New England Tel. & Tel. Co.</u>, 909 F.2d 28,34 (1st Cir. 1990)).

"The [trial] court is freed from the usual constraints that attend the adjudication of summary judgment motions" when "'the basic dispute between the parties concerns the factual inferences. . . that one might draw from the more basic facts to which the parties have drawn the court's attention,' where 'there are no significant disagreements about those basic facts,' and where neither party has 'sought to introduce additional factual evidence or asked to present witnesses.'" <u>Equal Employment Opportunity Comm'n v. Steamship Clerks Union 1066</u>, 48 F.3d 594, 603 (1st Cir. 1995) (quoting <u>Federacion de Empleados del Tribunal Gen. de Justicia v. Torres</u>, 747 F.2d 35, 36 (1st Cir. 1984)). In those circumstances, "[t]he court may then engage in a certain amount of differential fact finding, including the sifting of inferences." <u>Id</u>.

The court finds that no material issues of fact exists and that it may enter judgment as a matter of law.

#### b.  <u>**The Trustee's Avoidance Powers Under § 547(b)**</u>

"Under section 547(b) of the Bankruptcy Code, the trustee of an estate in bankruptcy may avoid 'any transfer of an interest of the debtor in property' made (1) to a creditor, (2) on account of an antecedent debt, (3) while the debtor was insolvent, (4) during the 90-day period preceding

4

the filing of the petition, which (5) allowed such creditor to receive more than it would have under Chapter 7." Banco Bilbao Vizcaya Argentaria v. Wiscovitch-Rentas (In re Net-Velazquez), 625 F.3d 34, 38 (1st Cir. 2010) (quoting Advanced Testing Techs., Inc. v. Desmond (In re Computer Eng'g Assocs.), 337 F.3d 38, 45 (1st Cir. 2003)).  Section 547(g) places the burden on the trustee to prove the five elements by a preponderance of the evidence. See Luis Diesel Servs. v. Mapfre Praico Ins. Co., 2021 Bankr. LEXIS 70 (B.A.P. 1st Cir. Jan. 11, 2021). If proven, the burdens shifts. "The preference defendant may raise one or more of eight statutory defenses, which are listed in § 547(c), and the preference defendant carries the burden of proof on each defense." Wiscovitch-Rentas v. PDCM Assocs., S.E. (In re PMC Mktg. Corp.), 518 B.R. 150, 156 (B.A.P. 1st Cir. 2014).

Here, the first and second element are met: the transfer was to a creditor, Cooperativa, on account of an antecedent debt incurred on February 10, 2015. However, Cooperativa alleges that the third element is in controversy and that Mr. Santiago Lopez was not insolvent at the time of the recording of the mortgage. Regarding the insolvency requirement, § 547(f) states that a debtor "is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition." 11 U.S.C. § 547(f). "This presumption of insolvency is rebuttable, and the creditor has the initial obligation to present 'some evidence' that the debtor was solvent at the time the transfer was made." Rentas v. Arcelay (In re Cirino), 2022 Bankr. LEXIS 413, *10 (Bankr. D. P.R. Feb. 18, 2022) (quoting Alan N. Resnick & Henry J. Sommer, 5 Collier on Bankruptcy ¶ 547.12 (16th ed. 2021)). But "in the absence of evidence to meet or rebut the presumption, the trustee is entitled to rely upon the presumption of insolvency in his favor." Miranda v. Madelix Int'l, Inc. (In re VJ Int'l, Inc.), 359 B.R. 401, 406 (Bankr. D. P.R. 2006). Here, the creditor has failed to rebut the presumption of insolvency. Therefore, the trustee can rely on the presumption that the Mr. Santiago Lopez was insolvent during the 90 prior to November 4, 2023, when he filed the chapter 7 bankruptcy petition. Thus, the third element is also met.

Here, the mortgage note was presented for recording in the Property Registry on October 27, 2023, that is, eight days before the filing of the petition. But the Vega Baja property was purchased and acquired by Mr. Santiago Lopez on February 10, 2015. Cooperativa alleges that the date of presentation should not be considered as the date that the transfer occurred. Cooperativa states that it obtained interest in the property on February 10, 20215, when the

mortgage was executed. "Perfection as to real property depends entirely upon state law." Tosado v. Banco Popular De P.R. (In re Rios), 420 B.R. 57, 72 (Bankr. D. P.R. 2009). In Puerto Rico, "recording is a 'constitutive' act for a mortgage, and without the existence of a mortgage, a creditor only has an unsecured personal obligation regarding the underlying debt." Soto-Rios v. Banco Popular de P.R., 662 F.3d 112, 121 (1st Cir. 2011). It is uncontested that the mortgage deed was presented for recordation during the 90-day period preceding the filing of the petition. Therefore, the fourth element is met. See Carrion v. USDA Rural Hous. Serv. (In re Roldan), 2012 Bankr. LEXIS 2720 (Bankr. D. P.R. June 13, 2012). A mortgage deed executed for the purchase of real property that is presented for recordation later than the 30-days provided in § 547(c)(3) "is vulnerable to attack as a preference as a transfer on account of an antecedent debt." Wiscovitch-Rentas v. Cooperativa de Ahorro y Credito (In re Vazquez), 549 B.R. 304, 314 (Bankr. D. P.R. 2016).

"The fifth element "constitutes the so-called 'greater amount test,' which 'requires the court to construct a hypothetical chapter 7 case and determine what the creditor would have received if the case had proceeded under chapter 7' without the alleged preferential transfer." Schoenmann v. Bank of the West (In re Tenderloin Health, FKA), 849 F.3d 1231, 1233 (9th Cir. 2017) (quoting Alvarado v. Walsh (In re LCO Enters.), 12 F.3d 938, 941 (9th Cir. 1993)). "[A] court must consider not only whether the creditor obtained more from the preference payment(s) than it would have recovered in a chapter 7 liquidation, but also whether, as a result of the preference payment, the bankruptcy estate will be left with fewer assets to distribute among the other creditors than if the preferential payment(s) had not been made." Askenaizer v. Seacoast Redimix Concrete, LLC, 2007 U.S. Dist. LEXIS 24632, *10 (D. N.H. March 29, 2007). Here, the claim register shows that three additional creditors would've shared distribution if it were not for the pre-petition transfer. Therefore, the court finds that the fifth element is met. See Young v. Camelot Homes, Inc. (In re Young), 390 B.R. 480 (Bankr. D. Me. 2008) (Finding that the existence of other unsecured claims suggested that the creditor would likely receive more as a lienholder than as an unsecured creditor.)

Therefore, the court finds that Cooperativa's secured claim over the Vega Baja property is avoidable as the elements of § 547(b) are met: (1) the mortgage deed was presented on November 4, 2023; (2) the presentation of the deed in the Property Registry benefits Cooperativa; (3) Mr. Santiago Lopez was insolvent when the mortgage deed was presented in the Property Registry;

6

(4) the transfer was on account of an antecedent debt incurred on February 10, 2015, when the mortgage note was executed ; and (5) the transfer would enable Cooperativa to receive more than what it would have under a chapter 7. And Cooperativa has failed to proffer or prove any of the statutory defenses listed in § 547(c).

## VI. Conclusion

For the reasons stated above, the court finds that the recording of Cooperativa's mortgage is an avoidable transfer under §547(b) and grants summary judgment in favor of the chapter 7 trustee (Dkt. No. 16). Consequently, the opposition to summary judgment filed by Cooperativa de Ahorro y Credito de Manati, Inc. (Dkt. No. 26) is denied. A separate final judgment shall be entered.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 29th of August, 2025.

Edward A. Godoy
United States Bankruptcy Judge